Steven Todd **COOPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1672–92.**

Court of Criminal Appeals of Texas, En Banc.

June 15, 1994.

E. Stanley Topek, Houston, for appellant.

Charles R. Mitchell, Dist. Atty., San Augustine, Robert Huttash, State's Atty. and Jeffrey L. Van Horn, Asst. State's Atty., Austin, for the State.

Before the court en banc.

*OPINION DISSENTING TO THE REFUS-
AL OF STATE'S PETITION FOR DIS-
CRETIONARY REVIEW*

BAIRD, Judge.

Appellant was charged by indictment with the offenses of murder, pursuant to Tex. Penal Code Ann. § 19.02(a)(2) and (3), and injury to a child, pursuant to Tex. Penal Code Ann. § 22.04. In a general verdict, the jury convicted appellant of murder "as charged in the indictment." The trial judge assessed punishment at confinement for seventy-five years. The Court of Appeals held the trial judge erred in refusing appellant's request to limit the jury charge's definitions of Tex. Penal Code Ann. § 6.03(a), (b) and (c), to the result of appellant's conduct. *Cooper v. State*, 842 S.W.2d 414, 421 (Tex.App.—Beaumont 1992). The Court of Appeals then performed a harm analysis pursuant to *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App. 1985), found some harm and reversed the judgment of the trial court. *Cooper*, 842 S.W.2d at 421–422. The State now seeks review of that decision.

In *Cook v. State*, 1994 WL 122844 (Tex.Cr. App. No. 424–92, delivered April 13, 1994), we addressed the issue of when the culpable mental states should be limited by the type of offense charged. Specifically, *Cook* dealt with a murder prosecution under Tex. Penal Code Ann. § 19.02(a)(1) and we held: "It is error for a trial to not limit the definitions of the culpable mental states as they relate to the *conduct elements* involved in the particular offense." *Cook*, slip op., pg. 12. [Emphasis added.] On the other hand, sections 19.02(a)(2) and (3) involve the commission of an act clearly dangerous to human life and the commission or attempted commission of a felony offense, respectively. Consequently, the culpable mental states relating to those conduct elements may be different or broader than the culpable mental state in a § 19.-02(a)(1) prosecution. *Compare, Hughes v. State*, 1994 WL 124305 (Tex.Cr.App. No. 70,-504, delivered April 13, 1994).

At the time of its opinion, the Court of Appeals did not have the benefit of our opinions in *Cook* or *Hughes*. Consequently, I would summarily grant the State's petition, vacate the judgment of the Court of Appeals and remand this case to that Court for reconsideration in light of those opinions. Because the majority fails to do so, I respectfully dissent.

MILLER and MALONEY, JJ., join this opinion.